RECEIVED

**IN UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF MINNESOTA**

APR 04 2019

CLERK, U.S. DISTRICT COURT
ST. PAUL, MINNESOTA

NOAH J. MCCOURT

*Plaintiff,*

v.

JASON KAMERUD; SCOTT KNIGHT; MICHAEL DUZAN,

JOSEPH KAVLIE; MARTIN GODINEZ; ROSS THOMPSON

ADAM PEDERSON; JOHN BRAMWELL; CITY OF CHASKA

*Defendants.*

**CIVIL COMPLAINT**

19cv 946 PAM/ECW

## NATURE OF THE ACTION

This is an action against Defendants for violations of rights granted to Plaintiff by Title II of the Americans with Disabilities Act (ADA) and the Rehabilitation Act of 1971 (Rehabilitation Act). Defendant's failure to implement Title II of the ADA and the Rehabilitation Act caused Plaintiff to sustain physical injuries and damages during his arrest and transportation by officers of the Chaska Police Department (CPD) and Carver County Sheriff's Office (CCSO)

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§1331 and 1343(a)(4), 42 U.S.C. §12133 and 29 U.S.C. §794.

2. Venue is appropriate pursuant to 28 U.S.C. §1391(b) because all the acts and transactions complained of occurred within the jurisdiction of this Court.

3. Pursuant to 28 U.S.C. §1367(a), this court has pendant jurisdiction of Plaintiffs State negligence claim and claims brought under the Minnesota Human Rights Act because the Plaintiffs State and Federal claims arise from a common nucleus of operative facts.

## PARTIES

6. Plaintiff, a resident of Carver County, Minnesota and is a qualified individual with a disability as defined by 42 U.S.C. §12131(2) and under 29 U.S.C. §794 and 29 U.S.C. §706(8)(B).

7. Defendant Kamerud, is the duly elected Sheriff of Carver County. Minnesota

8. Scott Knight, was at all times relevant to this complaint was Chief of the Chaska Police department

SCANNED

APR 0 5 2019

U.S. DISTRICT COURT ST. PAUL



8. Defendants, Duzan, Kavlie, Godinez were at all times relevant to this complaint, duly appointed officers of the Chaska Police Department.

9. Defendant Thompson, Bramwell and Pederson were at all times relevant to this complaint duly appointed officers of the Carver County Sheriff's Department

10.  The city of Chaska is a municipal corporation.

11. The Carver County Sheriff's Department and the Chaska Police Department are public entities as defined by 42 U.S.C. §12131(1)(B).

13. CPD and CCSO receive Federal financial assistance which is used in the programs and activities of the KCMOPD.

## STATEMENT OF CLAIMS

14. The Defendants discriminated against Plaintiff, solely by reason of his disability, in a program or activity of the CPD and CCSO, when they detained, arranged transport, arrested and failed to effectively communicate with the Plaintiff, while conducting a wellness check on October 6, 2017.

15. The Defendants had prior knowledge of McCourt's diagnosis of Autism Spectrum disorder and sensory integration disorder and failed to modify their policies, practices, or procedures for the arrest, detention and transport of persons with developmental disabilities as to avoid discrimination against Plaintiff on the basis of his disability and caused the Plaintiff to be injured.

17. Video footage of the arrest shows the plaintiff engaging in a repetitive hand motion called "stimming" which is a common trait of high functioning Autism. CPD and CCSO failed to train its officers to recognize and properly handle calls that are inclusive of persons with Autism Spectrum disorder. This failure caused the Plaintiff to be injured.

18. The discriminatory practices complained of were intentional and committed with reckless indifference to the federally protected rights of Plaintiff.

19. The Defendants by their negligent disregard of the requirements of the ADA and their negligent detaining, handling and transporting of the Plaintiff failed to exercise due care in their handling and transporting of Plaintiff and unreasonably failed to foresee that their actions in regard to Plaintiff would cause him to be injured. As a result of the Defendants' negligence, Plaintiff sustained injuries.

20. The failure of the CPD to implement the ADA and Rehabilitation Act and the resulting discriminatory and negligent acts complained of caused the Plaintiff to sustain physical injuries, pain and suffering, humiliation, mental distress, embarrassment, apprehension, loss of dignity and enjoyment of life, and to incur expenses for medical treatment, loss of income, attorney's fees and other costs. Plaintiff will continue to suffer all of these elements of damage in the future.

## PRAYER FOR RELIEF

Wherefore, the Plaintiff respectfully requests that the Court:

A. Order Defendants to institute and carry out policies, practices and procedures regarding the detention, handling, and transport of persons with disabilities in compliance with the requirements of the ADA and the Rehabilitation Act of 1973 and to train its officers so they utilize such policies.

B. Order Defendants to pay Plaintiff fair and reasonable damages.

C. Order Defendants to pay punitive damages

D. Grant such further relief as the Court deems necessary and proper in the public interest.

E. Award the Plaintiff attorney's fees and costs and expenses of this action.

## JURY TRIAL DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, the Plaintiff demands a jury trial on all questions of fact raised by this Complaint.

April 4, 2019                              Respectfully Submitted,

NOAH J. MCCOURT

33 W Lake Street #404

Waconia, MN 55387

PRO SE